Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| JJG CONSTRUCTION, INC.<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS / MUNICIPIO DE UTUADO<br><br>Recurridos | TA2025RA00243 | *Revisión Administrativa* procedente de la Junta de Subastas del Municipio de Utuado<br><br>Subasta Núm. 011-2025, Renglón 1: Proyecto 690547<br><br>Sobre: Impugnación de Subasta Municipal |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico a 31 de octubre de 2025.

La parte recurrente, JJG Construction, Inc. (en adelante JJG Construction, Inc., o parte recurrente), comparece ante nos para que dejemos sin efecto las determinaciones emitidas por la Junta de Subastas del Municipio de Utuado (en adelante, Junta de Subastas), el 16 de septiembre de 2025 y el día 18 del mismo mes y año. Mediante la notificación de la Subasta Núm. 011-2025, Renglón 1, el referido organismo adjudicó la *buena pro*, a favor de Constructora del Viví, Inc., mientras que en la determinación del Renglón 6 se le adjudicó la *buena pro* a favor de MJO Builders, LLC.

Por los fundamentos que expondremos a continuación, se confirma la determinación administrativa recurrida.

### I

Según surge, el 28 de abril de 2025, el Municipio Autónomo de Utuado publicó el correspondiente aviso para participar en la Subasta 011-2025, la cual abarcaba los Renglones del 1-14.[1]

---

[1] Apéndice del recurso, entrada núm. 1, Apéndice V, pág., 52.

Posteriormente, el 20 de junio de 2025, se efectuó la *Subasta 011-2025 Reglón 1: Proyecto 690547 PW 0757 (Huracán Fiona) Carr. 605 Bo. Viví Arriba Sector Parcelas Rieras Interior (muro de gavión, asfalto, cunetones y vallas de seguridad).*[2] A la misma comparecieron siete (7) licitadores, entre ellos, la parte recurrente. Ese mismo día, también se llevó a cabo la *Subasta 011-2025 Renglón 6: Proyecto 698892 PW 0925 (Huracán Fiona) Carr. 612 Bo. Don Alonso Interior Hacienda Carbonell Salida Tetuán.*[3] En esta, comparecieron cinco (5) licitadores entre ellos, JJG Construction, Inc.

Así las cosas, el 16 de septiembre de 2025, la Junta de Subastas emitió la correspondiente notificación sobre el Renglón 1 de la subasta en controversia.[4] Según se expresó en la adjudicación, cuatro (4) compañías que licitaron en la referida subasta objetaron la propuesta de JJG Construction, Inc., por entender que sus "*breakdowns*" no estaban detallados. Surge de la adjudicación la siguiente información sobre las propuestas emitidas:

| Compañías | Propuestas (costos) |
|---|---|
| Nueva Era, LLC | $400,000.00 |
| JJG Construction, Inc. | $268,320.00 |
| Reva Construction, Corp. | $449,500.00 |
| Construcciones del Viví & Agregados | $360,800.00 |
| E & M Brothers Construction, LLC | $334,252.95 |
| A & M Solutions, LLC | $494,400.00 |
| Constructora del Viví, Inc | $294,623.18 |

Luego de evaluar las mismas, la Junta de Subastas adjudicó el Renglón 1 de la referida subasta a Constructora del Viví, Inc. Al fundamentar su determinación, la Junta de Subastas expuso que, aunque la parte recurrente había presentado una oferta más baja,

---

[2] *Íd.*, entrada núm. 1, Apéndice I, págs. 1-7.
[3] *Íd.*, entrada núm. 1, Apéndice II, págs. 11-16.
[4] *Íd.*, entrada núm. 1, Apéndice I, págs. 1-7.

de la propuesta emitida por éste surgía que la cantidad de yardas cúbicas de los muros eran inferiores a las requeridas en los pliegos de subastas. Sobre ello, se especificó que cuando el precio ofertado se calculara a cantidad unitaria, este quedaría exponencialmente elevado, en comparación con los otros licitadores. Por lo tanto, concluyó que la oferta presentada por el recurrente creaba un riesgo de que el Municipio pagase sustancialmente más por cada artículo a precio unitario. Consecuentemente, la Junta de Subastas descartó la propuesta del recurrente por no haber sido responsivo, ni ajustarse a los pliegos de subasta. Por ello, adjudicó la *buena pro* de la subasta al segundo mejor postor, Constructora del Viví, Inc.

Posteriormente, el 18 de septiembre de 2025, la Junta de Subastas notificó la determinación respecto al Renglón 6 de la subasta ante nuestra revisión. En la misma, la Junta de Subastas reiteró que cuatro (4) compañías objetaron la propuesta de JJG Construction, Inc., por entender que sus "*breakdowns*" no estaban detallados. De la referida adjudicación surge la siguiente información sobre las propuestas presentadas:

| Compañías | Propuestas (costos) |
|---|---|
| JJG Construction, Inc. | $262,860.00 |
| Reva Construction, Corp. | $339, 980.00 |
| J & V Construction, Corp. | $268, 702.20 |
| AR Contractors Services, LLC | $204,150.00 |
| MJO Builders, LLC | $267,500.00 |

Tras examinar las propuestas, la Junta de Subasta adjudicó el Renglón 6, a MJO Builders, LLC.[5] Igualmente, expuso que, aunque la parte recurrente había presentado una oferta más baja, de la propuesta emitida por éste surgía que la cantidad de yardas cúbicas de los muros eran inferiores a las requeridas en los pliegos

---

[5] *Íd.*, entrada núm. 1, Apéndice II, págs. 11-16

de subastas. Sobre lo anterior, volvió a especificar que cuando el precio ofertado se calculara a cantidad unitaria, este quedaría exponencialmente elevado, en comparación con los otros licitadores. Por lo que, concluyó que la oferta presentada por el recurrente creaba un riesgo de que el Municipio pagase sustancialmente más por cada artículo a precio unitario. Consecuentemente, la Junta de Subastas descartó la propuesta del recurrente, por no haber sido responsivo, ni ajustarse a los pliegos de subastas. Por ello, adjudicó la *buena pro* a MJO Builders, LLC, quien fue el tercer mejor postor y cumplió con todos los requisitos de la subasta.

Inconforme, el 22 de septiembre de 2025, la parte recurrente compareció ante nos mediante el presente recurso de revisión judicial. En el mismo formula el siguiente señalamiento:

> Erró la Junta de Subasta del Municipio de Utuado al adjudicar la buena pro de los Renglón 1 y 6 a dos (2) compañías cuyos costos de licitación son superiores a los de la compañía recurrente J.J.G. Construction, Inc, desatendiendo los criterios de adjudicación dispuestos en el artículo 2.040 de la Ley 107 de 14 de agosto de 2020, según enmendada, conocida como Código Municipal de Puerto Rico; violar el debido proceso de ley a la compañía recurrente al imponerle unos requisitos de cumplimiento que no existen en los pliegos de subasta y por no existir, constituye una clara violación al debido proceso de ley y una clara acción discriminatoria contra la compañía recurrente que afecta los mejores intereses del Municipio de Utuado.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

## II

### A

En nuestro ordenamiento jurídico, las subastas gubernamentales están revestidas de un alto interés público, toda vez que aspiran a promover una sana administración. *Sonnell Transit Serv. v. Junta de Subastas del Municipio de Toa Baja, et al.,* 2025 TSPR 85, 216 DPR ___ (2025); *Mun. Aguada v. W Const. y*

*Recovery Finance,* 214, DPR 432, 469 (2024); *St. James Sec. v. AEE,* 213 DPR 366, 377 (2023); *CD Builders v. Mun. Las Piedras,* 196 DPR 336, 343 (2016). El objetivo fundamental de un procedimiento de subasta es proteger el erario mediante la adquisición de servicios de calidad para el Gobierno al mejor precio posible. *Super Asphalt v. AFI y otro,* 206 DPR 803, 821 (2021); *CD Builders v. Mun. Las Piedras,* supra, pág. 344; *Empresas Toledo v. Junta de Subastas,* 168 DPR 771, 778 (2006); *A.E.E. v. Maxon,* 163 DPR 434, 439 (2004); *RBR Const., S.E. v. A.C.,* 149 DPR 836, 849 (1999). De igual forma, propenden a que el Gobierno lleve a cabo sus funciones como comprador de una forma eficiente y honesta, al margen del favoritismo, dispendio, extravagancia y descuido en el otorgamiento de los contratos. *Sonnell Transit Serv. v. Junta de Subastas del Municipio de Toa Baja, et al.,* supra; *PR Eco Park et al. v. Mun. De Yauco,* 202 DPR 525, 531 (2019); *CD Builders v. Mun. Las Piedras,* supra, pág. 344; *Aluma Const. v. AAA,* 182 DPR 776, 783 (2011); *Torres Prods. v. Junta Mun. Aguadilla,* 169 DPR 886, 897 (2007).

Por su parte, tanto el Código Municipal de Puerto Rico, Ley 107-2020, 21 LPRA sec. 7001 *et seq,* como el Reglamento para la Administración Municipal de 2016 de la Oficina del Comisionado de Asuntos Municipales, Reglamento Núm. 8873 de 19 de diciembre de 2016 (Reglamento Núm. 8873), regulan los procesos inherentes a las subastas municipales. Ello así, toda vez que los municipios están excluidos de la definición de "agencia", según contemplada en la Sección 1.3 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9603, (LPAU). A su vez, la LPAU dispone que, "los procesos de licitación pública municipal se realizarán de conformidad con el Código Municipal". 3 LPRA sec. 9659.

Pertinente a lo que nos ocupa, las subastas municipales adoptan la regla general que invita a que la adjudicación

correspondiente se efectúe a favor del postor más bajo. 21 LPRA sec. 7216 (a). Ahora bien, de conformidad con lo dispuesto en el Artículo 2.040 (a) de la Ley 107-2020, *supra,* la Junta de Subastas, "deberá considerar que las propuestas sean **conformes a las especificaciones**, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta". 21 LPRA sec. 7216 (a). Por igual, el Reglamento Núm. 8873, *supra,* expresamente establece que, "se considerarán únicamente aquellas licitaciones que [...] cumplan con todos los requisitos exigidos en los pliegos de especificaciones para la subasta". Cap. VIII, Parte II, Sec. 9 (5), Reglamento Núm. 8873, *supra.*

Por su parte, en el Art. VII (b) del Reglamento de Subastas del Municipio de Utuado, de 1 de septiembre de 2022, se reconoce que, "los pliegos de subastas recibidos como resultado de una convocatoria podrán ser rechazados, si se considera que los licitadores carecen de responsabilidad o no se ajustan a los requisitos indicados en el pliego" [...].

**B**

Finalmente, se ha reiterado la discreción conferida a los organismos gubernamentales a la hora de adjudicar las subastas. *Sonell Transit Service, LLC v. Junta de Subastas del Municipio de Toa Baja, et al.*, supra. Ello, toda vez que, de ordinario, el ente administrativo se encuentra en mejor posición para evaluar a los licitadores y sus ofertas, conforme a los parámetros jurídicos aplicables. *Íd; Mun. Aguada v. W Const. y Recovery Finance,* supra, pág. 455. Por otro lado, "se reconoce a las agencias discreción al momento de considerar, rechazar y adjudicar las subastas a favor de la propuesta que mejor responde a las necesidades del gobierno

y al interés del pueblo en general". *Íd,* pág. 455. Es por esto que, en la correspondiente revisión judicial, aplica el mismo estándar de razonabilidad que se utiliza para la revisión de las determinaciones emitidas por los organismos agenciales. *Torres Prods. v. Junta Mun. Aguadilla,* supra, págs. 896-897; *Accumail P.R. v. Junta Sub. A.A.A.,* 170 DPR 821, 829 (2007); *Empresas Toledo v. Junta de Subastas,* supra, pág. 783. Por consiguiente, una vez se emite una determinación sobre adjudicación de subasta, los tribunales no debemos intervenir con la misma, salvo que se demuestre que ésta se tomó de forma arbitraria, ilegal o irrazonable. *Mun. Aguada v. W Const. y Recovery Finance,* supra, págs. 455-456; *OEG v. Martínez Giraud,* 210 DPR 79, 89, (2022).

### III

En la presente causa, la parte recurrente aduce que la Junta de Subastas erró al adjudicar la *buena pro* de los renglones 1 y 6 a otros licitadores cuyas ofertas fueron superiores a las que éste presentó. En específico, plantea que se desatendieron los criterios de adjudicación dispuestos en el Artículo 2.040 (a) de la Ley 107-2020, *supra,* por entender que se le violó su debido proceso al imponerle unos requisitos de cumplimiento que no existían en los pliegos de subastas. Habiendo examinado sus planteamientos a la luz de los hechos establecidos y el derecho aplicable, resolvemos confirmar las resoluciones administrativas recurridas.

Al entender sobre los documentos que obran ante nuestra consideración, coincidimos con que no se hacen presentes los criterios legales que legitiman nuestra intervención sobre lo dispuesto por el organismo concernido. Surge de las adjudicaciones recurridas que las cantidades ofertadas por la parte recurrente no incluyeron las yardas cúbicas requeridas en los pliegos de subastas. Lo cual evidencia que éste hizo unas propuestas que no estaban

acorde con las especificaciones. Ello de por sí, es suficiente justificación para que sus ofertas fueran descartadas.

En el ánimo de que acojamos sus argumentos, la parte recurrente planteó que se le violó su debido proceso de ley al imponerle unos requisitos de cumplimiento que no existían en el pliego de subasta. Sin embargo, distamos de su raciocinio. Tal cual expresáramos, conforme al marco jurídico antes esbozado, la adjudicación de una subasta queda supeditada al cumplimiento de la totalidad de los requerimientos claramente definidos en los pliegos correspondientes. Del expediente ante nuestra consideración no surge que el recurrente haya hecho expresión alguna respecto a que no incluyó la totalidad de yardas cúbicas requeridas para la construcción de los muros. Quedando evidenciado que el recurrente no cumplió con las especificaciones de los pliegos, la actuación de la Junta de Subastas fue razonable.

Así, ante la ausencia de ilegalidad, irregularidad o evidencia de infracción alguna de disposición estatutaria, debemos otorgar deferencia a la adjudicación emitida por la Junta de Subastas del Municipio de Utuado. La parte recurrente no demostró abuso de discreción, arbitrariedad o irracionabilidad de la adjudicación recurrida que justifique omitir el estándar de deferencia dispuesto en nuestro ordenamiento jurídico, por lo que resolvemos confirmar la adjudicación emitida.

**IV**

Por los fundamentos que anteceden, se confirma la determinación recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones