Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| SONNELL TRANSIT SERVICE, LLC<br><br>Recurrente<br><br>V.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE TOA BAJA; MUNICIPIO AUTÓNOMO DE TOA BAJA<br><br>Recurrida | KLRA202400431 | *Revisión Judicial* procedente de la Junta de Subastas del Municipio Autónomo de Toa Baja<br><br>Subasta Núm.: 21-AF-2023-2024<br><br>Sobre: Arrendamiento de Vehículos para Movilidad Urbana (Tipo Trolleys) |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Álvarez Esnard y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de agosto de 2024.

Comparece Sonnell Transit Service, LLC (Sonnell Transit o la Recurrente) y solicita la revocación de la *Notificación Sobre Adjudicación* emitida el 3 de julio de 2024, por la Junta de Subastas del Municipio Autónomo de Toa Baja, (Junta de Subastas o la Recurrida), notificada el 2 de agosto de 2024. Mediante la referida *Notificación Sobre Adjudicación* la Junta de Subastas adjudicó a favor de AMR Trucking & Construction, LLC, (AMR Trucking o licitadora agraciada), el Renglón Número 14, Partida Número 12 (c) Opción 3, de la Subasta Formal 21 AF-2023-2024, sobre Arrendamiento de Equipo de Guagua para Movilidad Urbana (Trolleys) por un costo mensual de $8,800.00.

Por los fundamentos que expondremos a continuación, se confirma la Notificación Sobre Adjudicación emitida por la Junta de Subastas.

**I.**

En cumplimiento con la facultad conferida por el *Código Municipal de Puerto Rico*, Ley Núm. 107-2020, según enmendada, 21 LPRA sec. 7001 y el *Reglamento de la Junta de Subastas*, entre otros, 3 de mayo de

2024 la Junta de Subastas del Municipio Autónomo de Toa Baja, (el Municipio), emitió invitación para la participación en la Subasta Formal Núm. 21 AF-2023-2024, sobre Arrendamiento de Equipo de Guagua para Movilidad Urbana (Trolleys), la cual se dividió por renglones. El Pliego de Condiciones, Términos y Especificaciones de la Subasta contenía las instrucciones, requisitos, especificaciones, términos y condiciones para presentar la propuesta. Dentro del término dispuesto para la entrega presentaron propuestas Sonnell Transit y AMR Trucking. Ambas licitadoras aparecen registradas en el Departamento de Estado bajo los números 372594 y 449363, respectivamente. En cuanto a Sonnell Transit en dicho registro consta que su propósito de negocios es el transporte colectivo de personas y cualquier otra actividad a la cual pueda dedicarse. En el registro consta, además, que el propósito de negocios de AMR Trucking es hacer todo tipo de negocio lícito en Puerto Rico, incluyendo el transporte terrestre y todo tipo de construcción.

La oferta de Sonnell Transit para el Renglón Número 14, Partida Número 12, inciso (c)-Sin Operador y Sin Combustible-(Unidad permanece el Municipio), Opción 3 (16 pasajeros, 2 sillas de ruedas), fue de $9,977.00.

Por su parte, la oferta de AMR Trucking para el Renglón Número 14, Partida Número 12, inciso (c)-Sin Operador y Sin Combustible-(Unidad permanece el Municipio), Opción 3 (16 pasajeros, 2 sillas de ruedas), fue de $8,800.00.

Tras evaluar las propuestas recibidas, el 3 de julio de 2024, la Junta de Subastas emitió *Notificación Sobre Adjudicación*, notificada el 2 de agosto de 2024, en la que adjudicó a AMR Trucking el Renglón Número 14, Partida Número 12, de la Subasta Formal 21 AF-2023-2024, sobre Arrendamiento de Equipo de Guagua para Movilidad Urbana (Trolleys), Partida (c)-Sin Operador y Sin Combustible-(Unidad permanece el Municipio), Opción 3 (16 pasajeros, 2 sillas de ruedas), por un costo mensual de $8,800.00. Concluyó la Junta de Subastas que AMR Trucking resultó ser el licitador más bajo para el Renglón Número 14, Partida

Número 12, en comparación con la oferta presentada por la compañía Sonnell Transit, lo que beneficia el interés público. Asimismo, la Junta de Subastas hizo constar que AMR Trucking ha ofrecido servicios satisfactorios en el Municipio, en los que ha sido responsivo y ha respondido de manera inmediata cuando se le ha requerido.[1]

Inconforme, Sonnell Transit recurrió ante nos, mediante el recurso intitulado Revisión Administrativa, al que anejó *Moción Urgente en Auxilio de Jurisdicción.* En su recurso de revisión la recurrente sostiene la comisión del siguiente error:

> ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO AL NO DESCALIFICAR A AMR POR NO CONTAR CON LA LICENCIA O AUTORIZACIÓN REQUERIDA.

Mediante *Resolución* de 7 de agosto de 2024, declaramos *No Ha Lugar* a la *Moción Urgente en Auxilio de Jurisdicción* presentada por Sonnell Transit y concedimos a la Recurrida hasta el viernes 16 de agosto de 2024 para presentar su postura

El 21 de agosto de 2024, la Junta de Subastas compareció ante nos mediante *Escrito en Oposición al Recurso de Revisión.* En ajustada síntesis, la Junta de Subastas sostiene que AMR Trucking cumplió con todos los requisitos de los pliegos y especificaciones de la subasta adjudicada a su favor y que la licitadora agraciada no tenía que presentar la certificación o licencia del Comisionado de Instituciones Financieras (CIF), requerida al amparo de la *Ley para Reglamentar los Contratos de Arrendamiento de Bienes Muebles*, 10 LPRA sec. 2401 *et seq.*, y de la *Ley de Instituciones de Arrendamiento de Propiedad Mueble.*, (Ley Núm. 20-1973) según enmendada, 10 LPRA sec. 996 *et seq.* así como tampoco tenía que presentar permiso o licencia del Negociado de Transporte y otros Servicios Públicos (NTSP), ente sucesor de la Comisión de Servicio Público, requerida al amparo de la Ley Núm. 211-2018, *Ley de Ejecución del Plan de Reorganización de la Junta Reglamentadora de Servicio Público en Puerto Rico,* 27 LPRA Sec. 1001 y siguientes

---

[1] Véase página 143 del Apéndice del recurso de Revisión Administrativa.

Razona la Junta de Subastas que en las especificaciones publicadas para el alquiler de estas unidades se estableció que el alquiler tendría una duración de dos (2) años y que la Ley Núm. 211-2018, regula el transporte público y alquileres a corto plazo, pero no hace referencia a alquileres a largo plazo. De igual forma sostiene que tampoco aplica licencia del Comisionado de Instituciones Financieras (CIF), requerida al amparo de la *Ley para Reglamentar los Contratos de Arrendamiento de Bienes Muebles*, 10 LPRA sec. 2401 *et seq.*, y de la *Ley de Instituciones de Arrendamiento de Propiedad Mueble.*, (Ley Núm. 20-1973) según enmendada, 10 LPRA sec. 996 *et seq,* ya que la Ley Núm. 76-1994 regula entre otros el Contrato de Arrendamiento Financiero (Leasing) en el que al final el arrendatario tiene la opción de comprar el bien mueble al final del periodo de arrendamiento. Argumenta la Junta de Subastas que el arrendamiento objeto de la subasta adjudicada a AMR Trucking, no constituye un arrendamiento financiero cuyos requisitos no fueron objeto de las especificaciones publicadas, por lo que el CIF no tiene injerencia en la contratación requerida para la subasta. Finalmente, sostiene la Junta de Subastas que Sonnell Transit tampoco ha demostrado que la determinación recurrida fuera arbitraria, caprichosa o que la Junta de Subastas abusara de su discreción al adjudicar a AMR Trucking el Renglón 14- Partida Número 12 c de la Subasta Formal 21 AF-2023-2024

**II.**

**A.**

En nuestro ordenamiento jurídico, las subastas gubernamentales están revestidas de un alto interés público, toda vez que aspiran a promover una sana administración. *CD Builders v. Mun. Las Piedras,* 196 DPR 336 (2016); *Maranello et al. v. OAT*, 186 DPR 780 (2012); *Caribbean Communications v. Pol. De P.R.*, 176 DPR 978, 994 (2009); *Marina Costa Azul v. Comisión*, 170 DPR 847, 854 (2007). El objetivo fundamental de un procedimiento de subasta es proteger el erario mediante la adquisición de servicios de calidad para el Gobierno al mejor precio posible. *Empresas*

*Toledo v. Junta de Subastas*, 168 DPR 771 (2006); *A.E.E. v. Maxon Eng. Servs., Inc.*, 163 DPR 434 (2004); *RBR Const., S.E. v. A.C.,* 149 DPR 836 (1999). De igual forma, propenden a que el Gobierno lleve a cabo sus funciones como comprador de una forma eficiente y honesta, al margen del favoritismo, dispendio, extravagancia y descuido en el otorgamiento de los contratos. *Aluma Const. v. AAA*, 182 DPR 776 (2011); *Torres Prods. v. Junta Mun. Aguadilla*, 169 DPR 886 (2007); *Justiniano v. E.L.A.*, 100 DPR 334 (1971).

Tanto el Código Municipal de Puerto Rico, (Código Municipal), Ley 107-2020, según enmendada, 21 LPRA sec. 7001 *et seq.*, como el Reglamento para la Administración Municipal, Reglamento Núm. 8873 de 19 de diciembre de 2016,[2] regulan los procesos inherentes a las subastas municipales. Ello así, toda vez que los municipios están excluidos de la definición de "agencia", según contemplada en la Sección 3.1 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9603. *PR Eco Park et al. v. Mun. De Yauco,* 202 DPR 525 (2019). "Asimismo, […] estos cuerpos de normas gobiernan el derecho de revisión judicial de los licitadores o participantes." *Íd.*, pág. 534.

Las subastas municipales adoptan la regla general que invita a que la adjudicación correspondiente se efectúe a favor del postor más bajo. 21 LPRA sec.7216(a). Por igual, de conformidad con lo dispuesto en el Artículo 2.040(a) de la Ley 107-2020, *supra*, la Junta de Subastas, en la ejecución de las funciones que le asisten al momento de entender sobre una subasta de compras, construcción o suministros de servicios, "deberá considerar que las propuestas sean conformes a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras

---

[2] Reglamento Núm. 8873 continúa vigente.

condiciones que se hayan incluido en el pliego de subasta." 21 LPRA sec. 7216(a). El Capítulo VIII del Reglamento Núm. 8873, *supra*, en su Parte III, Sección 5(4), dispone, además, que "[l]os pliegos de subasta contendrán instrucciones específicas y precisas sobre los términos y condiciones" del aviso de subasta. En este contexto, delega en los municipios la tarea de redactar "las especificaciones, de manera que expresen claramente las necesidades de la unidad requirente", incluyendo solo aquellas restricciones que verdaderamente respondan a las necesidades municipales. *Íd.* Sobre esos extremos, el Reglamento Núm. 8873, *supra,* expresamente reconoce que, en el proceso de evaluación y adjudicación pertinente, "se considerarán únicamente aquellas licitaciones que […] cumplan con todos los requisitos exigidos en los pliegos de especificaciones para la subasta". Cap. VIII, Parte II, Sec. 9(5), Reglamento Núm. 8873, *supra*.

La Sección 13 del Capítulo VIII, Parte II, del Reglamento 8873, *supra*, establece el procedimiento a seguir al adjudicarse la buena pro y en particular dispone lo siguiente:

> […]
> (2) La decisión final de la Junta se notificará por escrito y por correo certificado con acuse de recibo, a todos los licitadores que participaron en la subasta y será firmada por el Presidente de la Junta…
>
> (3) La notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información:
>
>     a) nombre de los licitadores;
>     b) síntesis de las propuestas sometidas;
>     c) factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;
>     d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de adjudicación;
>     e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.

**B.**

La parte adversamente afectada por la adjudicación de una subasta puede ejercer el derecho a solicitar revisión judicial. En este contexto,

sabido es que, al igual que las decisiones administrativas, las resoluciones de los municipios en las que se adjudica una subasta se presumen correctas y gozan de cierto margen de deferencia por parte de los tribunales. Es por ello que, en la correspondiente revisión judicial, aplica el mismo estándar de razonabilidad que se utiliza para la revisión de las determinaciones emitidas por los organismos agenciales. *Torres Prods. v. Junta Mun. Aguadilla*, supra; *Accumail P.R. v. Junta Sub. A.A.A.*, 170 DPR 821 (2007); *Empresas Toledo v. Junta de Subastas*, supra. Por consiguiente, una vez se emite una determinación sobre adjudicación de subasta, los tribunales no debemos intervenir con la misma, salvo que se demuestre que ésta se tomó de forma arbitraria, caprichosa o mediando fraude o mala fe. *Torres Prods. v. Junta Mun. Aguadilla*, supra, pág. 898.

## C.

La Ley Núm. 76, según enmendada, 10 LPRA sec. 2401 *et seq.*, conocida como la *Ley para Reglamentar los Contratos de Arrendamientos de Bienes Muebles (*Ley Núm. 76-1994), se creó con el propósito de regular el arrendamiento de los bienes muebles en Puerto Rico. La misma le provee unas salvaguardas a los arrendatarios y unas garantías a los arrendadores. Artículo 2, *supra*. El contrato de arrendamiento financiero o *leasing* "es un negocio jurídico cuyo contenido está formado por varias declaraciones de voluntad, las cuales producen una relación jurídica [entre las partes suscribientes] y establecen los términos que la regulan". *Andréu Fuentes y otros v. Popular Leasing*, 184 DPR 540, 553-555 (2012); *CNA Casualty of P.R. v. Torres Díaz*, 141 DPR 27, 33 (1996).

En lo pertinente, la Ley Núm. 20 de 8 de mayo de 1973, (Ley Núm. 20-1973) según enmendada, 10 LPRA sec. 996 *et seq.,* conocida como *Ley de Instituciones de Arrendamiento de Propiedad Mueble*, se aprobó con el fin de imponer a las personas naturales o jurídicas que se dedican al arrendamiento de propiedad mueble, la obligación de registrarse y obtener licencia de la Oficina del Comisionado de Instituciones Financieras (OCIF) y suministrar cierta información como requisito previo para operar su

negocio. Sobre estos extremos, dispone el Art. 3 de la Ley Núm. 20-1973 que "[n]inguna persona se dedicará en forma directa o indirecta al negocio de arrendamiento de propiedad mueble en el Estado Libre Asociado de Puerto Rico sin obtener previamente una licencia expedida por el Comisionado …, exceptuando aquellas personas o entidades cuyos activos dedicados al negocio de arrendamiento de propiedad mueble tengan un valor menor de diez mil (10,000) dólares o que se dedican exclusivamente a suscribir contratos de arrendamiento de propiedad mueble por términos menores de un (1) año. 10 LPRA sec. 996b.

La *Exposición de Motivos* de la Ley Núm. 20-1973, dispone expresamente lo siguiente:

> El arrendamiento de bienes muebles, también conocido en inglés como "lease", es un acuerdo contractual entre el arrendatario y el arrendador. Mediante este contrato, el arrendador se compromete a ceder el derecho al uso y disfrute de un bien mueble específico al arrendatario quien, a su vez, se compromete a entregarle unos pagos periódicos en efectivo. Este acuerdo contractual constituye una actividad económica de gran importancia en la economía de nuestro país. La misma ha tenido un gran auge debido a que permite a los usuarios de bienes muebles como a empresas privadas y a entidades gubernamentales tener acceso a equipo y a otro tipo de propiedad mueble necesaria para el funcionamiento de su negocio o su uso personal, sin tener que invertir sustanciales cantidades de dinero en su compra. Debido al auge que esta clase de negocio está teniendo y su gran importancia, se hizo necesario fiscalizar el mismo a fin de lograr la más sana práctica posible en sus operaciones. Para el bien del desarrollo de la economía y las instituciones financieras, se aprobó la Ley Núm. 20 de 8 de mayo de 1973, según enmendada, conocida como "Ley de Arrendamiento de Propiedad Mueble". Esta legislación se creó con el propósito de supervisar los negocios que se dedican a arrendar los bienes muebles mediante el establecimiento de unos requisitos que deben reunir los arrendadores. No obstante, la legislación de 1973 no regula el arrendamiento ni las obligaciones que deben existir entre el arrendador y el arrendatario. Esta nueva ley va encaminada a regular el arrendamiento, salvaguardando la posición del arrendatario y proveyendo unas garantías al arrendador. La Asamblea Legislativa de Puerto Rico entiende que mediante la aprobación de esta Ley se adelanta el interés público de una mejor calidad de vida. Este interés apremiante se logra al proveerle seguridad a ambas partes en la celebración de los contratos de arrendamiento de bienes muebles y se logra un crecimiento económico que beneficiará a todos los puertorriqueños.

**III.**

Es la contención de la recurrente que el licitador agraciado no cuenta con la licencia provista por el Comisionado de Instituciones Financieras (CIF) para toda persona en Puerto Rico que interese ofrecer un contrato de arrendamiento de bien mueble. Razona Sonnell Transit que como el Pliego

de Condiciones, Términos y Especificaciones de la Subasta Formal Número 21-AF-2023-2024 dispuso que para poder considerar la propuesta "[e]l licitador deberá incluir en su oferta, **según sea requerido en este pliego de subasta formal**, **aquellas certificaciones o licencias necesarias requeridas para suplir los bienes, realizar las obras o realizar las prestaciones de servicios considerados en las especificaciones**", AMR Trucking venía obligado a tener la licencia que provee el CIF con anterioridad a la presentación de su propuesta.[3] Sobre estos extremos, como único señalamiento de error, Sonnell Transit arguye que incidió la Junta de Subastas al no descalificar a AMR Trucking por no incluir con los documentos presentados en su propuesta de licitación, la licencia que requiere el CIF al amparo del Art. 3 de la *Ley de Instituciones de Arrendamiento de Propiedad Mueble*, 10 LPRA sec.996b y de la *Ley para Reglamentar los Contratos de Arrendamiento de Bienes Muebles*, 10 LPRA sec. 2401 *et seq.,*

Es preciso destacar que la oferta del licitador incluirá las licencias y certificaciones, **siempre y cuando ello sea requerido en el pliego de especificaciones**.[4] En la subasta objeto de revisión mediante el recurso de epígrafe, la Junta de Subastas no requirió a los licitadores para poder considerar sus propuestas, poseer la licencia de arrendamiento de bienes muebles que ofrece y regula el CIF. Al respecto, la Junta de Subastas si exigió a los licitadores incluir aquellas certificaciones o licencias necesarias requeridas para suplir los bienes al presentar sus ofertas. Entre estas, la Junta de Subastas requirió a ambos licitadores incluir la Certificación de Registro de la organización en el Departamento de Estado, así como como *Certificado de Good Standing,* evidencia de pago de patente, Certificación de Deuda de CRIM y del Departamento de Hacienda, Certificación de Deuda sobre el Impuesto sobre Ventas y Uso, Estado financiero,

---

[3] *Véase* página 34 del Apéndice del recurso de Revisión Administrativa.
[4] *Véase* página 34 del Apéndice del recurso de Revisión Administrativa.

referencias de servicios en el gobierno y empresa privada y la Resolución Corporativa, entre otros documentos.**[5]**

Todo licitador en una subasta debe cumplir con todos los términos y condiciones de la misma para que se pueda considerar su propuesta. A esos efectos, surge también del *Pliego de Condiciones, Términos y Especificaciones de la Subasta Formal Número 21-AF-2023-2024*, que la Junta de Subastas no consideraría ofertas que añadieran o eliminaran especificaciones o condiciones requeridas en el pliego o que las alteraran, modificaran o variaran los licitadores.[6]

En el caso que nos ocupa, sin duda alguna, hay ausencia de controversia en cuanto a que AMR Trucking cumplió con todos los requisitos del *Pliego de Condiciones, Términos y Especificaciones de la Subasta Formal Número 21-AF-2023-2024*, para que su propuesta fuera evaluada, por lo que hay ausencia de incumplimiento de AMR Trucking con los requisitos mínimos para licitar. Además, la licitadora agraciada fue la compañía licitadora que realizó la oferta responsiva más económica del Renglón Número 14, Partida Número 12, (c)-Sin Operador y Sin Combustible-, Opción 3 (16 pasajeros, 2 sillas de ruedas), que a juicio de la Junta de Subastas redunda en beneficio del interés público.

En lo que respecta a la contención de la recurrente, reiteramos que al momento de otorgar el contrato con AMR Trucking, la Junta de Subastas, tiene la facultad para requerir a la licitadora agraciada presentar otros documentos, licencias y certificaciones como paso previo al otorgamiento del contrato. Sin embargo, puntualizamos que, conforme a lo dispuesto expresamente en la Parte III (3) incisos (a) y (b), del *Pliego de Condiciones, Términos y Especificaciones de la Subasta Formal Número 21-AF-2023-2024* al hacer su oferta, el licitador se limitará a ofrecer lo que se le solicita en el pliego de condiciones, términos y especificaciones de la subasta y

---

[5] *Véase* páginas 36-37 del Apéndice del recurso de Revisión Administrativa.
[6] Véase Parte III -3 (b), del Pliego de Condiciones, Términos y Especificaciones de la Subasta Formal Número 21-AF-2023-2024, página 21 del Apéndice del recurso de Revisión Administrativa.

que en el presente caso la licitadora agraciada cumplió cabalmente con dichos requisitos. Con estos antecedentes concluimos que la Junta de Subastas no incurrió en el error señalado por la recurrente en el recurso de epígrafe.

**IV.**

Por los fundamentos anteriormente expuestos los cuales hacemos formar parte de esta Sentencia, confirmamos la *Notificación de Adjudicación* del Renglón Número 14, Partida Número 12, de la Subasta Formal 21 AF-2023-2024, sobre Arrendamiento de Equipo de Guagua para Movilidad Urbana (Trolleys), Partida (c)-Sin Operador y Sin Combustible-, Opción 3 (16 pasajeros, 2 sillas de ruedas), emitida por la Junta de Subastas a favor de AMR Trucking.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones