ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| SONNELL TRANSIT SERVICE, LLC<br>RECURRENTE<br><br>v.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO DE JUANA DÍAZ<br>RECURRIDA<br><br><br>GÓMEZ BUS LINE, INC.<br>LICITADOR AGRACIADO | KLRA202500100 | Revisión Administrativa procedente de la Junta de Subastas del Municipio de Juana Díaz<br><br>Caso Núm: RFP-2023-2024-023 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 24 de febrero de 2025.

Comparece ante nosotros, Sonnell Transit Service, LLC (recurrente o Sonnell) y solicita la revocación de la adjudicación de la subasta número RFP-2023-2024-023 sobre servicios de alquiler de vehículos de transporte colectivo, notificada el 6 de febrero de 2025 por la Junta de Subastas del Municipio de Juana Díaz (recurrida o Junta). A su vez, Sonnell instó una *Urgente Moción en Auxilio de Jurisdicción* en la que nos solicita la paralización de los procedimientos.

Adelantamos que, por los fundamentos que serán expuestos, revocamos el dictamen administrativo impugnado por resultar inoficioso, sin prejuzgar los méritos de la adjudicación de la subasta en controversia.

### I.

El Municipio de Juana Díaz publicó un *Aviso de Subasta* para la contratación de servicios de alquiler de vehículos de transporte

colectivo. En la publicación se solicitaron propuestas,[1] particularmente para tres tipos de vehículos a saber:

> 1. Rental of Paratransit Vans with Ramp (8 or 11 Passengers Capacity and Driver, with at least one space for wheelchair)
>
> 2. Rental of Micro Bus Shuttle with Ramp (14 or 16 Passengers Capacity and Driver, with at least one space for wheelchair)
>
> 3. Rental of Mini Bus Shuttle with Ramp (20 or 24 Passengers Capacity and Driver, with at least two spaces for wheelchair)

En aras de competir en la referida subasta, la recurrente y Gómez Bus Line, Inc. radicaron sus propuestas, respectivamente. Luego de cumplimentar los procesos evaluativos de rigor, la Junta determinó adjudicar un vehículo Paratransit Van (10-11 pasajeros) a favor de Sonnell. Además, adjudicó dos mini bus shuttle (20-24 pasajeros) a favor de Gómez Bus Line, Inc. Lo antes, mediante *Notificación de Adjudicación* enviada por correo certificado el 6 de febrero de 2025,

Inconforme, Sonnell presenta el recurso de *Revisión Administrativa* de epígrafe. Entre sus señalamientos de error,[2] destaca que, la notificación emitida por la Junta resulta defectuosa. Sostuvo que, la Junta no incluyó en la referida notificación, las razones por las cuales decidió no adjudicar todos los renglones del RFP-2023-2024-023 a favor de Sonnell.

En atención a lo antes, emitimos una *Resolución* el 13 de febrero de 2025, en la que le concedimos a la parte recurrida, un término a vencer el 18 de febrero de 2025, para exponer su posición sobre la *Urgente moción en auxilio de jurisdicción*, así como la *Revisión Administrativa*. Transcurrido el término sin acreditar

---

[1] Cabe señalar que, en la publicación se hace referencia a un *Request For Proposals For: Rent of Vehicles for the Collective Transportation System of the Municipality of Juana Díaz RFP 2023-2024-023.*

[2] 1. Erró la Junta de Subastas al emitir una notificación defectuosa y, por consiguiente, nula. 2. Erró la Junta de Subastas al adjudicarle a GBS las 2 mini bus shuttle a pesar de que dicha licitadora debió ser descalificada al incumplir con múltiples especificaciones y requerimientos esenciales no siendo una licitadora responsiva.

cumplimiento, procedemos a resolver según advertido, sin el beneficio de su comparecencia.

**II.**

**A. Jurisdicción**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *FCPR v. ELA et al,* 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023). Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020). De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como el que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Íd.*

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *FCPR v. ELA et al*, supra. A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). A causa de ello, cuando un tribunal determina que no tiene jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo, conforme a lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos. *Cobra Acquisitions, LLC v. Municipio de Yabucoa y otros,* 210 DPR 834 (2022); *Allied Mgmt. Group v. Oriental Bank,* supra.

Los tribunales tenemos el deber ministerial de examinar y evaluar rigurosamente nuestra jurisdicción y, a esos efectos, la

Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), faculta a este Tribunal a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción.

**B. Notificación de la adjudicación de subastas o requerimiento de propuestas municipales**

La subasta formal es el vehículo procesal ordinariamente utilizado por el Estado en la adquisición de bienes y servicios. *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 531 (2019).[3] Ahora bien, es conocido que la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA secs. 9601-9713, (LPAU) que rige los procedimientos administrativos de subastas gubernamentales, no aplica a los gobiernos municipales. Sec. 1.3(a)(5) de la LPAU, 3 LPRA sec. 9603; *PR Eco Park et al. v. Mun. de Yauco,* supra.[4] Sin embargo, el requisito de notificar el acuerdo o adjudicación final de la Junta de Subasta forma parte del Artículo 1.050 del Código Municipal de Puerto Rico, Ley Núm. 107-2020, 21 LPRA sec. 7081. La referida disposición legal establece que "[e]l Tribunal de Apelaciones revisará, el acuerdo final o adjudicación de la Junta de Subastas, el cual se notificará por escrito y mediante copia por correo escrito regular y certificado a la(s) partes(s) afectada(s). La solicitud de revisión se instará dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la copia de la notificación del acuerdo final o adjudicación".

Cabe indicar que el requerimiento de que exista una decisión final para poder recurrir en revisión judicial también surge de la Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R., R. 56. Nuestro reglamento establece -sobre revisión de decisiones administrativas- que gobernará el trámite de las revisiones de todos los recursos presentados ante esta Curia para la

---

[3] Citando a *R & B Power v. E.L.A.*, 170 DPR 606, 621 (2007).
[4] Resuelto al amparo de la Regla 50 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 50.

revisión de las decisiones, reglamentos, órdenes, resoluciones y providencias finales dictadas por organismos o agencias administrativas o por sus funcionarios(as). *Íd.*

Puntualizamos que, en *PR Eco Park et al. v. Mun. de Yauco,* supra, el Tribunal Supremo tuvo ocasión de expresarse en cuanto a la forma y contenido de la notificación de adjudicación de subasta. Citando el Artículo 1.050 del Código Municipal de Puerto Rico, *supra,* el Tribunal Supremo dictaminó que toda notificación ha de ser por escrito y mediante correo certificado con acuse de recibo. *Íd.* Expresó, además, que la adjudicación debe dirigirse a todos los licitadores que participaron en la subasta y debe exponer un resumen de las propuestas sometidas. *Íd.* **Al mismo tiempo añadió que, la notificación debe incluir los criterios que propiciaron la decisión a favor del licitador agraciado y los fundamentos para no adjudicar a los licitadores perdidosos**. *Íd.* (Énfasis nuestro).

Así, los tribunales podrán revisar efectivamente los fundamentos para dictaminar si la determinación de la Junta de Subasta ha sido arbitraria, caprichosa o irrazonable. *Empresas Toledo v. Junta de Subastas*, 168 DPR 771, 783 (2006). Además, esta exigencia surge por la aplicabilidad de la cláusula del debido proceso de ley ante el derecho que tiene la parte perjudicada a revisar judicialmente la adjudicación de una subasta. *Torres Prods. v. Junta Mun. Aguadilla*, 169 DPR 886 (2007).

Por otro lado, también se requiere plasmar en el informe de adjudicación de las propuestas los fundamentos en los cuales se basa y debe lograr los siguientes objetivos: (1) proporcionar a los tribunales la oportunidad de revisar adecuadamente la decisión administrativa y facilitar esa tarea; (2) fomentar que la agencia adopte una decisión cuidadosa y razonada dentro de los parámetros de su autoridad y discreción; (3) ayudar a la parte afectada a entender por qué el organismo administrativo decidió como lo hizo y, al estar mejor informada, poder decidir si acude al foro judicial o acata la determinación; (4) evitar que los tribunales se apropien de

funciones que corresponden propiamente a las agencias administrativas según el concepto de especialización y destreza. *L.P.C. & D., Inc. v. A.C.*, 149 DPR 869, 878-879 (1999). Esta exigencia se hace efectivo en el ejercicio del derecho a solicitar revisión judicial de las adjudicaciones de subasta, toda vez que —al perjudicado conocer las razones que tuvo el ente administrativo o municipal para su determinación— este contará con los fundamentos necesarios para cuestionarla, y los tribunales estaremos aptos para ejercer nuestra función revisora. *Torres Prods. v. Junta Mun. Aguadilla*, supra; *L.P.C. & D., Inc. v. A.C.*, supra.

El objetivo primordial de la subasta es brindarle protección al erario mediante el acceso a la construcción de obras públicas y la adquisición de servicios de calidad para el Gobierno al mejor precio posible. *ECA Gen. Contrac. v. Mun. de Mayagüez,* 200 DPR 665, 672 (2018). Los propósitos principales de la legislación que regula la realización de obras y la contratación de servicios para el Gobierno y los sistemas de subastas gubernamentales son precisamente: (1) proteger los intereses y el dinero del pueblo al promover la competencia para lograr los precios más bajos posibles; (2) evitar el favoritismo, la corrupción del dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos; y (3) minimizar los riesgos del incumplimiento. *Aluma Const. v. A.A.A.*, 182 DPR 776, 782-783 (2011).

### III.

Sonnell cuestiona el dictamen impugnado, entre otros, porque el Municipio presuntamente no emitió una notificación de adjudicación que cumpla con los requisitos mínimos que dispone la normativa antes expuesta. La recurrente sostiene que, la omisión de incluir los factores y los criterios que fueron tomados en consideración, para adjudicar la subasta y los defectos, si alguno, que tuviera su propuesta, crea una insuficiencia en la notificación y lacera su derecho a una revisión judicial conforme a derecho.

Hemos evaluado el recurso de epígrafe, con particular atención al contenido de la adjudicación de la subasta en controversia y nos resulta evidente que, la notificación impugnada no constituye una notificación conforme exige la normativa antes expuesta.

Observamos que, la Junta solo cumplió con algunos de los requisitos impuestos para una adecuada notificación de la adjudicación de la subasta. En efecto, de una lectura del documento se desprenden los nombres de los licitadores, la adjudicación de los vehículos en cuestión, tiempo de alquiler, costo por unidad y el total adjudicado. Sin embargo, no incluye un resumen fehaciente de las propuestas de cada licitador. Tampoco abunda sobre puntuaciones o el análisis para contrastar las propuestas de cada licitador y los fundamentos para no adjudicar ciertos renglones a favor de los licitadores participantes. La Junta se limitó a indicar que recibió y válido los resultados de la evaluación de la firma de asesores, que los proponentes cumplen con los requisitos de la subasta y los costos presentados son razonables. No surgen los fundamentos que sostengan la adjudicación de un vehículo a Sonnell y dos vehículos a Gómez Bus Line Inc.

Conforme la normativa antes expuesta, la Junta debía proporcionar la información requerida como parte de la adjudicación de la subasta para activar el derecho a recurrir en revisión judicial ante el Tribunal de Apelaciones. La recurrida debió plasmar en la adjudicación final toda la información especificada por nuestra jurisprudencia, con el fin de emitir una notificación final, válida y efectiva en aras de garantizar un debido proceso de ley y acceso fehaciente a la revisión judicial. Al justipreciar la validez de la adjudicación impugnada concluimos que le asiste la razón al recurrente.

En ausencia de una notificación adecuada que cumpla con todos los requerimientos antes expuesto, la *Notificación de Adjudicación* carece de eficacia. En su consecuencia, la adjudicación

de la subasta no surte efecto jurídico alguno y el plazo para acudir en revisión judicial no ha comenzado a transcurrir.

Es preciso resaltar que nuestra jurisdicción se limita a la revisión de la notificación y no a los méritos de la adjudicación de la subasta de epígrafe.

**IV.**

Por los fundamentos expuestos, revocamos la *Notificación de Adjudicación* notificada el 6 de febrero de 2025 por ser inoficiosa, devolvemos este asunto ante la Junta de Subastas del Municipio de Juana Díaz y nos abstenemos de revisar los méritos de la subasta impugnada porque resulta ser prematuro. Por último, declaramos No Ha Lugar la *Urgente Moción en Auxilio de Jurisdicción,* según presentada.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones