Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel Especial

| | | |
|---|---|---|
| NORTH SIGHT COMMUNICATIONS, LLC<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE MANATÍ<br><br>Recurrida | KLRA202400683 | ***Revisión Judicial*** procedente de la Junta de Subastas del Municipio Autónomo de Manatí<br><br>Orden Núm.:<br><br>Sobre: Solicitud de Propuesta "Adquisición y Plan de Servicio de Radios Portátiles para el Municipio Autónomo de Manatí" |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Monge Gómez y el Juez Sánchez Báez.

**Figueroa Cabán, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 17 de marzo de 2025.

Comparece North Sight Communications, LLC, en adelante NSC o la recurrente, quien solicita que revisemos la *Notificación de Adjudicación* emitida y notificada el 6 de diciembre de 2024. Mediante la misma, la Junta de Subastas del municipio de Manatí, en adelante la Junta de Subastas o la recurrida, adjudicó el contrato para la *Solicitud de Propuestas Adquisición y Plan de Servicio de Radios Portátiles* a Skytec, Inc. o la licitadora agraciada.

Por los fundamentos que expondremos a continuación, se confirma la *Notificación de Adjudicación* recurrida.

Número Identificador

SEN2025_____

## -I-

Surge de la copia del expediente que el municipio de Manatí inició un proceso de solicitud de propuestas para servicios de radios portátiles.[1]

Por su parte, la Junta de Subastas recibió las propuestas de dos licitadores: Skytec, Inc.[2] y NSC;[3] las evaluó y unánimente adjudicó la solicitud de la propuestas a la compañía Skytec, Inc. Específicamente, sostuvo:

> Los miembros de la Junta determinan por unanimidad adjudicar esta Solicitud de Propuestas Adquisición y Plan de Servicio de Radios Portátiles a la compañía **Skytec, Inc. por la cantidad de $103,467.70 para la adquisición de 7 radios base, 62 radios portátiles y el servicio mensual de 6 meses y una vez aprobado el presupuesto del año fiscal 2025-2026;** siendo el postor más bajo de las propuestas recibidas. Para esta determinación se tomó en consideración el análisis y recomendación de la Unidad Administrativa (Compras y Suministros) y los costos prestados por ambas compañías.[4]

En desacuerdo, NSC presentó un *Recurso de Revisión Judicial* en el que alega que la Junta de Subastas cometió el siguiente error:

> ERRÓ EL MUNICIPIO AUTÓNOMO DE MANATÍ AL ADJUDICAR LA BUENA PRO DE LA SOLICITUD DE PROPUESTAS A SKYTEC INC., TODA VEZ QUE LOS PRODUCTOS OFERTADOS POR SKYTEC, INC. NO CUMPLEN CON LAS ESPECIFICACIONES DE LA SOLICITUD DE PROPUESTAS Y SON INFERIORES A LOS REQUERIDOS EN LA MISMA.

Luego de revisar los escritos de las partes y los documentos que obran en autos, estamos en posición de resolver.

## -II-

### A.

El procedimiento de pública subasta es de suma importancia para la contratación de servicios por parte de las agencias gubernamentales, razón por la

---

[1] Apéndice de la recurrente, págs. 4-6.
[2] *Id.*, págs. 38-61.
[3] *Id.*, págs. 153-197.
[4] *Id.*, pág. 144. (Énfasis en el original).

cual "está revestido del más alto interés público y aspira a promover la sana administración gubernamental".[5] El Tribunal Supremo de Puerto Rico, en adelante TSPR, ha expresado que en materia de adjudicación de subastas "la buena administración de un gobierno es una virtud de democracia, y parte de una buena administración implica llevar a cabo sus funciones como un comprador con eficiencia, honestidad y corrección para proteger los intereses y dineros del pueblo al cual dicho gobierno representa".[6]

Ahora bien, cuando está involucrado el uso de bienes o fondos públicos, es esencial la aplicación rigurosa de todas las normas pertinentes a la contratación y desembolso de dichos fondos, a los fines de proteger los intereses y el dinero del Pueblo.[7]

De ordinario, en la adquisición competitiva de bienes y servicios por el Gobierno, se utiliza el mecanismo de la subasta pública o tradicional.[8] Conocido también como el procedimiento de subasta formal, este trámite consta de varias etapas.[9] Se distingue, además, porque no hay espacio para negociación entre agencia y licitador.[10]

No obstante, nuestro ordenamiento jurídico administrativo reconoce, también, que "el RFP o

---

[5] *CD Builders v. Mun. Las Piedras*, 196 DPR 336, 343 (2016); *Caribbean Communications v. Pol. de PR*, 176 DPR 978, 994 (2009); *Costa Azul v. Comisión*, 170 DPR 847, 854 (2007); *Empresas Toledo v. Junta de Subastas*, 168 DPR 771 (2006).

[6] *Empresas Toledo v. Junta de Subastas, supra*, pág. 778 (citando a *AEE v. Maxon*, 163 DPR 434, 439 (2004); *Mar-Mol Co., Inc. v. Adm. Servicios Gens.*, 126 DPR 864, 871 (1990)).

[7] Art. VI, Sec. 9, Const. ELA, LPRA Tomo 1; *Mun. Quebradillas v. Corp. Salud Lares*, 180 DPR 1003, 1017 (2011); *CFSE v. Unión de Médicos*, 170 DPR 443, 452 (2007); *De Jesús González v. AC*, 148 DPR 255 (1999).

[8] *R&B Power v. ELA*, 170 DPR 606, 620-621 (2007).

[9] *Id.*, pág. 621.

[10] *Id.*

requerimiento de propuestas es otro mecanismo disponible para que el Gobierno adquiera bienes y servicios".[11] Este trámite se diferencia de la subasta formal por admitir negociación sobre los términos sometidos.[12] Es decir, "la característica principal de este proceso es que responde a la negociación de las partes. Es un mecanismo de compra negociada".[13] Usualmente se recurre a este proceso cuando se trata de la adquisición de bienes o servicios especializados que involucran asuntos altamente técnicos y complejos, o cuando existen reducidos competidores cualificados.[14] A diferencia de la subasta formal, la solicitud de propuesta se caracteriza por su mayor flexibilidad e informalidad, así como por el grado de discreción conferido a la entidad pública en la consideración de la propuesta recibida.[15]

**B.**

Los tribunales, en su función revisora, tienen el deber de examinar que en los procesos de subastas del gobierno no resulte adversamente afectado el erario o se menoscabe el esquema de ley que persigue asegurar la integridad de las subastas públicas.[16] A esos efectos, el TSPR ha reconocido que, de ordinario, las agencias administrativas se encuentran en mejor posición que los tribunales para evaluar las propuestas o licitaciones ante su consideración, a la luz de los parámetros establecidos por la ley y los

---

[11] *Id.*
[12] *Id.*
[13] J. A. Echevarría Vargas, *Derecho Administrativo Puertorriqueño*, 4ta. Ed., San Juan, Puerto Rico, Ediciones SITUM, Inc., 2017, pág. 303. Véase, además, *R&B Power v. ELA, supra,* en la pág. 621.
[14] *R&B Power v. ELA, supra,* en las págs. 621-622.
[15] *Id.,* pág. 623.
[16] *Cotto Guadalupe v. Departamento de Educación*, 138 DPR 658, 666 (1995).

reglamentos aplicables.[17] Por tal razón, una vez la agencia o junta involucrada emite una determinación, los tribunales no deberán intervenir con ésta salvo que se demuestre que la misma se tomó de forma arbitraria, caprichosa o mediando fraude o mala fe.

La normativa jurisprudencial previamente expuesta reconoce que en ausencia de fraude, mala fe o abuso de discreción, ningún postor tiene derecho a quejarse cuando otra proposición es elegida como la más ventajosa.[18] Tampoco ostenta un derecho adquirido en ninguna subasta.[19] Por el contrario, la adjudicación de una subasta debe decidirse a la luz del interés público,[20] aunque ello represente "rechazar la oferta más baja por una más alta, siempre y cuando esta determinación no esté viciada por fraude o sea claramente irrazonable".[21]

Conviene destacar, que el peso de la prueba para demostrar la ocurrencia de fraude o abuso de discreción recae en el recurrente, y si este no puede demostrar ausencia de factores racionales o razonables para la determinación de la agencia, deberá demostrar un perjuicio o una violación a los estatutos o reglamentos aplicables.[22]

Finalmente, como en el caso de cualquier decisión de una agencia administrativa, al revisar una adjudicación de subastas la facultad de los tribunales, aunque restringida, tiene como propósito

---

[17] *Autoridad de Carreteras y Transportación v. CD Builders, Inc.*, 177 DPR 398, 408 (2009).
[18] *Great Am. Indem Co. v. Gobierno de la Capital*, 59 DPR 911, 916 (1942).
[19] *Torres Prods. v. Junta Mun. de Aguadilla*, 169 DPR 886, 898 (2007).
[20] *Id.*, pág.898 (citando a *Great Am. Indem Co. v. Gobierno de la Capital, supra*).
[21] *Empresas Toledo v. Junta de Subastas, supra*, pág. 783.
[22] *Id.*

delimitar la discreción de los organismos administrativos y velar porque sus actuaciones sean conformes a la ley y estén dentro del marco del poder delegado.[23]

## -III-

Para la recurrente, la Junta de Subastas incidió al adjudicar la venta a la licitadora agraciada porque su oferta era más económica, cuando debió descalificarla porque "ofreció unos radios que no cumplen con las especificaciones claras y específicas de la Solicitud de Propuestas". En su opinión, al así proceder, la recurrida "viol[ó] la norma establecida de que los procesos de adquisición de servicios del Gobierno se lleven a cabo mediante la competencia libre y transparente".

Por su parte, la recurrida alega que seleccionó la propuesta conforme a los mejores intereses del público y del municipio. A su entender, basó su determinación en la recomendación del Departamento de Compras y Suministros del Municipio, entidad que evaluó los costos presentados por ambas compañías. Arguye, además, que la solicitud de propuestas es un procedimiento informal y que el reglamento de adquisiciones y requerimientos del municipio le permite obviar condiciones generales o especiales en beneficio del interés público. De modo, que en casos de solicitudes de propuestas, la Junta de Subastas ostenta "un mayor grado de discreción a la hora de considerar una propuesta".

Surge de los documentos que obran en autos, que la determinación de la recurrida se basó en las

---

[23] *Misión Ind. PR v. JP,* 146 DPR 64, 129 (1998).

propuestas presentadas. En la medida que el método de adquisición de bienes es un requerimiento de propuesta, la Junta de Subastas tenía un mayor grado de discreción para examinar y elegir una propuesta. Y, en consecuencia, el foro judicial tiene menos facultad para ejercer su función revisora.

En virtud de lo anterior, nuestra revisión cuidadosa del expediente nos permite afirmar que no hay indicio alguno de capricho, fraude, mala fe, abuso de discreción o lesión al interés público, que justifique dejar sin efecto la adjudicación a favor de la licitadora agraciada.

En fin, a la luz de la totalidad del expediente, no se justifica dejar sin efecto la presunción de regularidad y corrección de la adjudicación de la solicitud de propuestas en controversia.

### -IV-

Por los fundamentos previamente expuestos, se confirma la *Notificación de Adjudicación* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Sánchez Báez disiente con voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| NORTH SIGHT COMMUNICATIONS, LLC<br><br>RECURRENTE<br><br>v.<br><br>JUNTA DE SUBASTA DEL MUNICIPIO AUTÓNOMO DE MANATÍ<br><br>RECURRIDA | KLRA202400683 | *Revisión Administrativa* procedente de la Junta de Subastas del Municipio Autónomo de Manatí<br><br>Sobre: Impugnación de Adjudicación de solicitud de Propuestas para "Adquisición y Plan de Servicios de Radios de Telecomunicaciones para el Municipio Autónomo de Manatí" |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Monge Gómez y el Juez Sánchez Báez[1]

### VOTO DISIDENTE DEL JUEZ ISAÍAS SÁNCHEZ BÁEZ

En San Juan, Puerto Rico, a 17 de marzo de 2025.

Respetuosamente disiento del curso de acción tomado por la mayoría de los miembros que componen este Panel en el caso de epígrafe. En síntesis, mi postura consiste en que la *Notificación de Adjudicación* aquí impugnada, no fundamenta el cumplimiento o incumplimiento con las especificaciones dispuestas en la Solicitud de Propuesta y, por ello, no estamos en posición de ejercer nuestra revisión adecuadamente. Para una mejor compresión de mi criterio es meritorio repasar algunos hechos del presente caso. Veamos.

El Departamento de Compras y Suministro del Municipio Autónomo de Manatí publicó *Solicitud de Propuestas Adquisición y Plan de Servicios de Radios de Telecomunicaciones* (en adelante,



---

[1] Mediante la Orden Administrativa OATA-2025-002, emitida el 9 de enero de 2025, se designó al Juez Isaías Sánchez Báez en sustitución del Juez Carlos G. Salgado Schwarz.

Número Identificador

SEN2025_____

"Solicitud de Propuesta").[2] Por virtud de esta, se detallaron las especificaciones de los equipos, como sigue:

**Especificaciones Radio Base (7)**
Especificaciones de equipo
- Modo de comunicaciones y banda de frecuencia – América:       FDD-**LTE:**      **Banda** 1/2/4/5/7/12/13/17/28A/28B **WCDMA: BANDA** 1/2/4/5 **GSM/**GPRS: BANDA 2/5 Wi-Fi – 2.4/5GHz RAM+ROM – 512MN + 4GB
- Sistema operativo: **Android** (Ultima Versión) / (Ultima Generación)
- Batería: 3,7 V 3600 mAh (estándar) (si aplica)
- Pantalla: 7 Color LED
- Bluetooth: HSP/SPP
- Resistente al agua y al polvo – IP54
- Multi-protocol Digital
- DMR MODR / FM MODE
- GPS Reciver
- IP54/67 and MIL-STD 810 C/D/E/F/G

**Especificaciones para Radios (62)**
- Multi-protocol digital radio
- DMR Tier II & Site Roaming
- Mixed Digital & FM Analog Operation
- 4-Line Basic
- 5-Line Text Message
- 7-color Light Bar
- 4-way Directional-pad
- Built-in GPS Receiver
- Bluetooth for hands-free: HSP-SPP
- Optional DES and AES Encryption Software
- IP54/55/67 and MIL-STD-810 C/D/E/F/G
- Amplia cobertura con la red del operador: amplie su servicio push to talk a cualquier lugar con la **cobertura de la red 4G/3G/2G del operador**.
- **WIFI incorporado.** (Énfasis suplido).[3]

Luego, en el ejercicio de sus facultades, la Junta de Subastas del Municipio Autónomo de Manatí (en adelante, "Junta de Subastas") mediante *Notificación de Adjudicación* adjudicó la buena pro a favor de Skytec, Inc. (en adelante, "Skytec") por ser el postor más bajo en las propuestas presentadas.[4] Indicó que tal determinación se basó en lo siguiente: (i) los costos presentados por los licitadores; (ii) el Código Municipal de Puerto Rico, 21 LPRA sec. 7100 *et seq.* (en adelante, "Código Municipal"); (iii) el Reglamento Núm. 8873 de 19 de diciembre de 2016, conocido como Reglamento para la Administración Municipal de 2016 (en adelante,

---

[2] Apéndice de la recurrente, anejo I, págs. 17-19.
[3] *Íd.,* anejo I, pág. 18.
[4] *Íd.,* anejo 1, págs. 127-132.

"Reglamento Núm. 8873"); (iv) el Reglamento de Adquisiciones y Requerimientos Contractuales del Municipio Autónomo de Manatí del 24 de agosto de 2023 (en adelante, "Reglamento Municipal de Manatí"); y otra legislación federal. Sin embargo, nada dispuso en torno a si los licitadores participantes cumplieron o no con las especificaciones detalladas en la Solicitud de Propuesta.

Inconforme con ello, la recurrente alegó ante esta Curia que, la Junta de Subastas incidió al adjudicar la buena pro de la Solicitud de Propuesta a favor de Skytec. En síntesis, planteó que los productos ofertados por Skytec no cumplieron con las especificaciones de la Solicitud de Propuesta. Específicamente, señaló que los radios ofertados por Skytec: 1) no tienen el sistema operativo Android; y 2) no son compatibles con las redes 4G/3G/2G y no operan en las bandas de frecuencia LTE, WCDMA y GSM.[5] Sostuvo que la ausencia de tales especificaciones imposibilita el uso de la tecnología conocida como *Push-to-Talk over cellular*, la cual consiste en combinar la comunicación radial con la comunicación celular. Argumentó, además, que, si tales especificaciones habían sido modificadas, estas debieron ser notificadas a todos los licitadores para brindarles la oportunidad de ofertar bajo las mismas condiciones.

Por su parte, la Junta de Subastas planteó ante nos que, en resumen, los productos ofertados por North Sight no respondieron a los costos más bajos ni al mejor interés del Municipio Autónomo de Manatí (en adelante, "Municipio de Manatí"). Sostuvo que, al momento de adjudicar, la Junta de Subastas no está limitada a considerar las especificaciones establecidas en la Solicitud de Propuesta, sino que puede realizar un análisis integral sobre el interés público y el mejor valor ofertado en atención a dicho interés

---

[5] Alegato de la recurrente, pág. 8.

público. Arguyó, a su vez, que la legislación y reglamentación aplicable le otorgó al Municipio de Manatí la facultad de obviar las condiciones consignadas en una solicitud de propuesta e incluso adjudicar la misma bajo las condiciones más favorable a sus propios intereses. Además, reiteró que el proceso de solicitud de propuestas es uno flexible que confiere discreción al momento de considerar una propuesta.

Cabe señalar que el proponente agraciado, Skytec, no compareció ante este tribunal.

Nuestro Alto Foro ha reiterado que la notificación de una subasta debe estar fundamentada, aunque sea de manera sumaria y sucinta. *LPC & D, Inc. v. AC,* 149 DPR 869, 879 (1999); *RBR CONST., SE v. AC,* 149 DPR 836, 854 (1999). Incluso, ha indicado la información mínima que debe contener una notificación de adjudicación, a saber:

> los nombres de los licitadores en la subasta y una síntesis de sus propuestas; **los factores o criterios que se tomaron en cuenta para adjudicar la subasta; los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos** y la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial.

*LPC & D, Inc. v. AC,* supra, pág. 879. (énfasis suplido).

Además, el Tribunal Supremo ha reconocido que tales factores son aplicables y extensibles al mecanismo para adquirir bienes y servicios especializados con aspectos técnicos y complejos conocido en inglés como *request for proposal* (en adelante, "RFP"), debido a que "**participa de características adjudicativas de la misma forma que la subasta tradicional**". (énfasis suplido). *Municipio de Aguada v. W Construction, LLC,* 2024 TSPR 69, 214 DPR ___ (2024); *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 532 (2019); *R & B Power v. ELA,* 170 DPR 606, 624 (2007).

Como si fuera poco, lo anterior ha sido incorporado al Reglamento Municipal de Manatí en su Artículo 2.18 como sigue:

La notificación de adjudicación de la Junta [de subasta] debe contener, por lo menos, lo siguiente:
  A. los nombres de los licitadores que participaron del proceso de competencia;
  B. **los factores o criterios que se utilizaron para la adjudicación;**
  C. **los defectos, si alguno, de las propuestas de los licitadores no agraciados;**
  D. apercibimiento sobre el término jurisdiccional para solicitar revisión judicial, y
  E. dirección electrónica o postal de los licitadores. (Énfasis suplido).

Uno de los factores o criterios de adjudicación que se deben utilizar en la adjudicación y que por tanto debe estar incluido en la notificación de la adjudicación de la subasta es el cumplimiento de la propuesta con los requisitos y condiciones indicadas en el pliego de especificaciones. Tanto el Código Municipal como el Reglamento Núm. 8873 así lo establecen. Por un lado, el Artículo 2.040 del Código Municipal establece que la Junta de Subastas:

hará las adjudicaciones tomando en consideración **que las propuestas sean conforme a las especificaciones,** los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio **y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta.**

21 LPRA sec. 7216 (a) (énfasis suplido).

Asimismo, el Reglamento Núm. 8873 en su Sección 11 de la Parte II del Capítulo VIII estatuye la norma general para adjudicar una subasta municipal, a saber:

La adjudicación de las subastas de adquisición, se harán a favor del licitador que esté respaldado por un buen historial de capacidad y cumplimiento y que reúna los siguientes requisitos:

  a) que **cumpla con los requisitos y condiciones de los pliegos de especificaciones;** [...] (énfasis suplido).

En esa dirección, se ha establecido en nuestra jurisprudencia que "si la junta de subasta adjudica la subasta a favor de una propuesta que no cumple con los requisitos establecidos en el aviso publicado, violaría el orden público estipulado". *Municipio de Aguada v. W Construction, LLC,* supra, pág. 27.

Señalé previamente que, en el caso de epígrafe, el argumento de la recurrente es que Skytec incumplió con las especificaciones de la Solicitud de Propuesta. Ante esto, en su *Alegato Enmendado*, la Junta de Subastas no atiende dicha controversia ni presenta argumentos para controvertir la posición de la recurrente. Es decir, nada dice respecto a si el proponente agraciado cumplió o no con las especificaciones dispuestas en la Solicitud de Propuesta. En cambio, simplemente argumenta que tiene la facultad de obviar las condiciones consignadas en la Solicitud de Propuesta e incluso adjudicar bajo las condiciones más favorables a sus propios intereses. Además, reiteró que el proceso del RFP es uno flexible y le que confiere discreción al momento de considerar una propuesta.

Tras un análisis riguroso del expediente, me veo obligado a disentir del curso de acción de los ilustres compañeros Jueces que componen la mayoría de este Panel. Tanto la jurisprudencia como el Código Municipal y el Reglamento Núm. 8873, coinciden en que uno de los criterios para adjudicar una solicitud de propuestas es brindar gran consideración a si las propuestas sometidas cumplen con los requisitos y condiciones indicadas en el pliego de especificaciones. Véase, Art. 2.040 del Código Municipal y Sección 11 de la Parte II del Capítulo VIII del Reglamento Núm. 8873. No puede ser de otra forma toda vez que se estaría avalando el que una agencia o municipio incumpla con los términos diseñados y publicados para lograr la competencia de propuestas. Véase, *Hunt Bldg. Co., Ltd. v. United States*, 61 Fed.Cl. 243, 273 (2004)("The agency's failure to follow the terms of its own Solicitation and selection of an offeror based upon different requirements than those imposed upon the only other offeror are quintessential examples of conduct which lacks a rational basis.") Más aun, reitero que, el Tribunal Supremo ha expresado clara e inequívocamente que viola el orden público una adjudicación de una subasta a favor de una propuesta que no cumple con los

requisitos establecidos en el aviso publicado. *Municipio de Aguada v. W Construction, LLC*, supra, pág. 27. Sin embargo, eso en el presente caso no se hizo.

El problema primordial en el presente caso es que la Junta de Subastas nada dispuso en la *Notificación de Adjudicación* sobre el cumplimiento o incumplimiento de las propuestas sometidas con los requisitos técnicos establecidos en el pliego de especificaciones publicado como parte de la Solicitud de Propuesta. Esa deficiencia, ante un cuestionamiento como el que realiza la parte aquí recurrente, en torno a si cumplió o no con ciertas especificaciones técnicas de cada producto, hace que la revisión judicial sea inexistente. Ello, debido a que pone a este Tribunal de Apelaciones a revisar en primera instancia asuntos que debieron ser evaluados por la Junta de Subastas al momento de emitir su *Notificación de Adjudicación*. A su vez, pone a este foro revisor en la posición de darle absoluta deferencia a la Junta de Subastas sin poder contar con los elementos de juicio para examinar las especificaciones técnicas del producto y auscultar si este cumple o no con las especificaciones solicitadas por la Junta de Subastas.

Me planteo qué más puede hacer una parte sino señalar en la negativa que un producto incumple las especificaciones a base de que carece de las capacidades técnicas solicitadas por el Municipio de Manatí. Debe recordarse que, a nivel apelativo, las partes no pueden presentar documentos extrínsecos al expediente de la subasta o RFP. En consecuencia, la parte que sostenga que el proponente agraciado incumple con las especificaciones técnicas solicitadas, solo puede sostenerlo así con los documentos que se encuentran en ese expediente, los cuales consisten en manuales con especificaciones técnicas de un producto determinado.

Resulta, pues, necesario que la agencia o en este caso el Municipio de Manatí, quien estableció las especificaciones del

producto que solicitó, sea quien evalúe si cada producto cumple o no con las especificaciones diseñadas y publicadas por el propio Municipio. Después de todo, es el Municipio de Manatí como comprador y la Junta de Subastas al hacer su adjudicación, quien cuenta con el *expertise* para hacer dicha evaluación de cada producto. Tal y como ha sostenido el Tribunal Supremo, las agencias administrativas y los municipios con su vasta experiencia y especialización se encuentran, de ordinario, en mejor posición que el foro judicial para evaluar propuestas o licitaciones y determinar el mejor licitador ante su consideración a la luz de los parámetros establecidos tanto por la ley como por los reglamentos de subastas. *Aut. Carreteras v. CD Builders, Inc.,* 177 DPR 398, 408 (2009); *Empresas Toledo v. Junta de Subastas,* 168 DPR 771, 779 (2006); *AEE v. Maxon,* supra, pág. 444.

Sin embargo, en este caso, la Junta de Subastas ni siquiera evaluó y mucho menos consignó en la *Notificación de Adjudicación* que los radios ofertados por Skytec cumplieron o no con las especificaciones publicadas. De hecho, me parece bastante elocuente que la Junta de Subastas en su *Alegato Enmendado* ni siquiera se haya aventurado a sostener que los radios del proponente agraciado cumplen cabalmente con las especificaciones dispuestas en la Solicitud de Propuestas. Por el contrario, los argumentos de la Junta de Subastas ante nos consisten en que el procedimiento de solicitud de propuestas es un proceso flexible y que la Junta de Subastas tiene facultad reglamentaria para obviar las condiciones generales o especiales de una solicitud de propuesta siempre que se beneficie el interés público.[6] Sostiene, además, que Skytec fue el postor más bajo y que ello redunda en el mejor interés del Municipio, ya que el costo de los radios ofertados por este era menor.

---

[6] Alegato Enmendado del recurrido, págs. 7-9.

Ciertamente, en la *Notificación de Adjudicación* se hizo constar que la adjudicación a favor de Skytec se basó en que este fue el postor más bajo. Sin embargo, nada se dispuso sobre si la Junta de Subastas examinó las especificaciones técnicas de cada producto propuesto y entendió que cumplían, o si, por el contrario, decidió obviar las especificaciones dispuestas en su propia Solicitud de Propuesta. Mucho menos explica cómo el obviar ciertas características requeridas para todos los proponentes como parte de la Solicitud de Propuesta beneficia el interés público como lo requieren los propios términos del Reglamento Municipal de Manatí. Véase, Art. 2.01 (P), (Q) y (S) del Reglamento Municipal de Manatí.

Lo cierto es que el costo más bajo es solo un elemento dentro de otros que se evalúan en un proceso de RFP, que, aunque importante, por sí solo no es conclusivo respecto a la adjudicación. Ese criterio es aún menos determinante en caso de que se trate de un producto con características inferiores o que carece de los elementos técnicos requeridos en la Solicitud de Propuesta. Cabe recordar que los procesos de licitación tienen, además, la finalidad de "evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia; el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento". *Aluma Const. v. AAA*, 182 DPR 776, 783 (2011). De hecho, resulta sospechoso que se seleccione un producto que, aunque, de precio más bajo, no cumple con las características mínimas que se les exigió a todos los proponentes.

Sin lugar a duda, es el Municipio de Manatí quien conoce sus necesidades y, por tanto, quien puede determinar cuáles equipos responden a su mejor interés. Así lo hizo al momento de publicar la Solicitud de Propuesta e incluir las características técnicas de los radios que necesitaba adquirir. Ahora bien, si entendía que las especificaciones de los radios solicitados eran demasiado rigurosas y que estaba en el mejor interés del Municipio alterarlas con el fin

de adquirir productos más económicos, la Junta de Subastas tenía la capacidad y debió enmendar la Solicitud de Propuestas. Esto hubiese dado transparencia al proceso y la oportunidad a todos los proponentes de competir en igualdad de condiciones. Esto es un principio básico, pero fundamental en materia de compras del gobierno. Véase, *CW Gov't Travel, Inc. v. United States*, 110 FedCl. 462, 490 (2013)("It is well-established that a 'contracting agency must treat all offeror equally, evaluating proposal evenhandedly against common requirements and evaluation criteria.'")(Citas omitidas). Véase además, *L-3 Commc'ns EOTech, Inc. v. United States*, 83 Fed.Cl. 643, 653 (2008)("Waiver of a mandatory requirement of the solicitation for the benefit of only one offeror invalidates a procurement decision.")

Al emitir este voto disidente lo hago plenamente consciente de la gran discreción que los tribunales tienen que ofrecerle a las agencias y municipios cuando realizan una compra de tipo negociada. Sin embargo, esa discreción no es infinita. La flexibilidad de los procesos tampoco significa que se debe validar una decisión completamente arbitraria o que carece de razonabilidad. En este caso, el hecho de que la Junta de Subastas no haya articulado alguna razón o análisis que le permitiera concluir que las propuestas evaluadas cumplieron con las especificaciones solicitadas, me parece que es el ejemplo clásico de que una adjudicación carece de razonabilidad. Véase, *CliniComp International, Inc. v. United States*, 117 Fed. Cl. 722 (2014)("The court simply cannot discern any 'coherent and reasonable explanation' of the agency's exercise of discretion where, as here, the record contains no explanation whatsoever.")(Citas omitidas).

Como bien señaló nuestro Tribunal Supremo hace casi dos décadas:



Somos conscientes de la necesidad de proveerle al Gobierno y sus agencias mecanismos de mayor flexibilidad en el manejo de la cosa pública para poder atender con prontitud y eficazmente los problemas que aquejan a la ciudadanía. Esa flexibilidad, sin embargo, no puede convertirse en patente de corso para el dispendio de fondos públicos. Le corresponderá a la Junta en el descargo de su responsabilidad fiduciaria asegurarse que ello sea así. Como siempre, será responsabilidad de los tribunales velar por que las agencias y las corporaciones públicas no se conviertan en autócratas en el ejercicio de la facultad extraordinaria concedida, actuando sin parámetros adecuados y exentos de supervisión alguna.

*R & B Power v. ELA*, 170 DPR 606, 625 (2007).

En fin, mi postura es que este Tribunal no se encuentra en posición de evaluar el cumplimiento o incumplimiento de los proponentes con la Solicitud de Propuesta. Esto se debe a que la Junta de Subastas, quien tiene el deber de explicar y fundamentar la cualificación de las propuestas con las especificaciones al momento de hacer su adjudicación, no lo hizo. En otras palabras, las deficiencias en el contenido de la *Notificación de Adjudicación* imposibilitan que tanto el Tribunal de Apelaciones como los proponentes estén en conocimiento de las razones para la determinación de la Junta de Subastas en torno al cumplimiento con las especificaciones de la Solicitud de Propuestas. Con ello, privan a este Tribunal de cumplir con su obligación de asegurar el derecho a obtener una revisión judicial.

Aclaro, no obstante, que ninguna frase específica es requerida para cumplir con ese deber. Solo es necesario que se analice el cumplimiento o no con las especificaciones provistas en la Solicitud de Propuesta y que así se haga constar de manera sucinta por parte de la Junta de Subastas en su adjudicación. De otra forma, estamos derrotando el propósito de la revisión judicial y el debido proceso de ley de las partes adversamente afectadas por la determinación recurrida. El derecho a cuestionar una subasta adjudicada mediante revisión judicial es parte del debido proceso de ley y, por

la misma razón, resulta indispensable que la notificación sea adecuada por tal derecho.

Por los fundamentos previamente expuestos, disiento pues hubiese revocado el dictamen recurrido y devuelto el caso a la Junta de Subastas para que fundamentara el cumplimiento o incumplimiento con las especificaciones de la Solicitud de Propuesta. Una vez esto fuese cumplido, la parte adversamente afectada podría, de así entenderlo pertinente, presentar un nuevo recurso de revisión judicial y, este Tribunal estaría en posición de ejercer su revisión adecuadamente.

**ISAÍAS SÁNCHEZ BÁEZ**
Juez del Tribunal de Apelaciones